David J. McGlothlin, Esq. (SBN: 026059)
David@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Broussard, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | **Case Number:**<br><br>**CLASS ACTION**<br><br>**Complaint For Damages and Injunctive Relief Pursuant to 15 U.S.C. § 1692 *et seq.* (Fair Debt Collection Practices Act)**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

1  to insure that those debt collectors who refrain from using abusive debt
2  collection practices are not competitively disadvantaged, and to promote
3  consistent State action to protect consumers against debt collection abuses.

4  2.  Danielle Broussard, (Plaintiff), through Plaintiff's attorneys, bring this action
5      to challenge the actions of Portfolio Recovery Associates, LLC,
6      ("Defendant"), with regard to attempts by Defendant to unlawfully and
7      abusively collect a debt allegedly owed by Plaintiff, and this conduct caused
8      Plaintiff damages.

9  3.  Plaintiff makes these allegations on information and belief, with the exception
10     of those allegations that pertain to a specific plaintiff, or to plaintiff's counsel,
11     which Plaintiff alleges on personal knowledge.

12 4.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant
13     were knowing and intentional, and that Defendant did not maintain
14     procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

16 5.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 15 U.S.C. §
17     1692(k)

18 6.  Venue is proper in the United States District Court for the District of Arizona
19     pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to
20     Plaintiff's causes of action against Defendant occurred within the State of
21     Arizona, County of Maricopa.

## PARTIES

23 7.  Plaintiff Danielle Broussard is a natural person who reside in the City of
24     Phoenix, County of Maricopa, State of Arizona.

25 8.  Plaintiff is informed and believed, and thereon alleges, that Defendant is, and
26     at all times mentioned herein was located in the City of Norfolk, the
27     Commonwealth of Virgina.

28

HYDE & SWIGART
Phoenix, Arizona

9. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

11. Defendant is a person engaged directly or indirectly in soliciting claims for collection or in collection of claims owed, due or asserted to be owed or due, and is therefore a collection agency as that phrase is defined by A.R.S. 32-1001(A)(2)(a).

## FACTUAL ALLEGATIONS

12. At all times relevant to this matter, Plaintiff was individuals residing within the State of Arizona.

13. At all times relevant, Defendant conducted business within the State of Arizona.

14. Sometime before April 1, 2011, Plaintiff is alleged to have incurred certain financial obligations.

15. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

16. On or about March 9, 2011, Defendant filed an action against Danielle Broussard in the McDowell Mountain Justice Court of Maricopa County, case number CC2011 050112.

17. These actions were a part of Defendant's routine collection business practices in Arizona.

18. Defendant is engaged in the business of attempting to collect debts in the State of Arizona. The debts that are pursued by Defendant are debts that have been allegedly acquired by Defendant after the debts are in default.
19. Defendant does not hold a current or even an expired license to act as a debt collection agency in the State of Arizona as required by A.R.S. 32-1021.
20. Defendant has and continues to act as a debt collection agency in Arizona.
21. Defendant willfully and knowingly acted as a debt collection agency in Arizona without a license. The Defendant and all persons are presumed to know the law.
22. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
23. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

### CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated ("The Class").
25. Plaintiff represents, and is a member of, The Class, consisting of all persons within Arizona, within one year prior to the filing of this Complaint, who were sued by the Defendant in connection with any effort to collect a debt.
26. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes The Class Members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant attempted to collect a debt without being properly licensed in the state of Arizona and therefore made a false, deceptive, or misleading statement in the attempted collection of an alleged debt, and threatened to take action that cannot legally be taken or that is not intended to be taken.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within one year prior to the filing of this Complaint, Defendant contacted a member of the Class in an attempt to collect an alleged debt.

    b. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. Plaintiff is asserting claims that are typical of The Class.  Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.

32. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Arizona law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## CAUSES OF ACTION

## COUNT I

### CLASS DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff seeks a declaration on their behalf and on behalf of the class that the Defendant has acted unlawfully by acting as a debt collection agency without a license.

38. Defendant should be enjoined from continuing to act as a debt collection agency in the State of Arizona.

39. Defendant should be ordered to disgorge all amounts that it has obtained while acting illegally as a debt collection agency without a license.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff and The Class Members are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff and The Class Members be awarded damages from Defendant, as follows:

## COUNT I

### CLASS DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

43. Certify this case as a class action with the named Plaintiff as class representative and their attorney as counsel on behalf of The Class described herein;

44. Order injunctive relief to prevent further violations of law, including a preliminary and permanent injunction;

45. Order that Defendant disgorge all amounts collected from The Class while the defendant acted as a debt collector without a license;
46. Award reasonable attorney's fees, litigation expenses and costs;
47. Oder appropriate declaratory relief; and
48. Provide such further relief as the Court deems appropriate.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

49. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each and every class member;
50. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: April 20, 2011                              **Hyde & Swigart**

By:__/s/ David J. McGlothlin__
David J. McGlothlin
Attorneys for the Plaintiff